Hade, Judge.
 

 Í concur in the opinion delivered by Judge Henderson. The great and important object is to ascertain the intention of the testator. Agreeable to the letter of the will, the Plaintiff is not entitled, because the testator only gives it to him after the death of his son William and the death of the child which his wife was then pregnant with, if a male, without lawful issue ; it must be a male, and must die without issue, to give him a title. Now I agree that Courts will put such a construction on wills as to support limitations over, where particular estates are by any means put out of the way, as the Plaintiff’s counsel have contended. Yet they ought not to do it, against the letter and words of the. will, whom the consequence will be to leave a child altogether unprovided for: they ought to lean to support such limitations over, when they think from every circumstance that the persons taking under them are the next objects of the testator’s bounty, after the persons to whom the particular estate was given. But in this case I cannot agree to support the limitation over for the benefit of a nephew* and that too against the words of the will at the expense of a child who would be left altogether without the means of support, by a father, bound by all the ties of nature to make provision for her. Nor can I think that such could have been the wish of tlm
 
 *301
 
 testator.—(
 
 White and others
 
 v.
 
 Barber, 5 Burr.
 
 2703—2 F
 
 earne, 5th Ed.
 
 410,
 
 in notis.)